Argued February 11, decided February 18, 1913.

### THORNTON v. HALLAM.

(129 Pac. 1046.)

**Agriculture—Statutes—Application.**

1. Statutes conferring a lien on property for services in clearing land being in derogation of the common law, and therefore strictly construed, one seeking to charge with a lien the property of another with whom he has not contracted must show a strict compliance with the statute conferring the lien.

**Agriculture—Liens—Statutes—"Person in Possession."**

2. Section 7439, L. O. L., provides that any person who shall clear any land at the request of the owner or "person in lawful possession" shall have a lien for his wages, and charges which shall be preferred, etc. Held, that a mere contractor who goes on land to perform services thereon for the owner does not thereby acquire possession within such section, so as to confer on his servants the right to a lien for wages and charges for clearing the land.

**Ejectment—Liability of Parties—Possession of Servant.**

3. Since the possession of a servant is the possession of the master, ejectment will not lie against a mere servant of a land owner.

**Agriculture—Clearing Land—Lien—Description.**

4. Where a description of a tract of land on which it was sought to impose a lien for clearing services did not close, and was therefore vague and unintelligible, it did not constitute a description of the land by metes and bounds or by legal subdivisions, as required by Section 7440, L. O. L., providing for a lien by the filing of a bill for the services and a statement of the contract with a sufficient description of the land by metes and bounds or legal subdivisions, and was therefore insufficient.

**Agriculture—Clearing Land—Lien.**

5. Under Section 7439, L. O. L., providing that a person who shall clear any land at the request of the owner or person in lawful possession shall have a lien on the "said land so improved or cleared" for his wages and charges, etc., no lien can be sustained on a particular tract of land for clearing services rendered with reference to a different tract.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by J. Thornton and W. H. Walton against A. C. Hallam, Charles S. Chapman, and Thos. H. Sherrard, to enforce a lien for clearing land.

The complaint alleges that the defendants Chapman and Sherrard are the owners, or reputed owners, of the following described tract of land, to wit:

"Beginning at a point which is 778 feet west of a point on east section line of section 1, township 1 N., of range 10 E. of the Willamette meridian, 534 feet north of quar-

ter corner on east side of said section 1; thence north parallel with said east line of said section 1; 223 feet to a stake; thence 924 feet to another stake; thence south parallel with east side 950 feet to a stake; thence to place of beginning, less 1 acre, and containing 22 acres. Also a tract described as follows: Beginning at a point on north side of section 1, 890 feet east of the quarter of the said section 1; thence east 230 feet; thence south parallel with north and south center line of said section 1, 670 feet; thence west 418 feet; thence north 670 feet to place of beginning, containing 5 acres. All of said land above described lying and being in the N. E. quarter of section 1, township 1 N., of range 10 E. of the Willamette meridian, in Hood River County, Oregon."

The complaint also states that Chapman and Sherrard "entered into a contract with the said A. C. Hallam, by the terms of which Hallam was to clear and improve the land aforesaid; that at all times thereafter Hallam had legitimate right and authority to clear and to employ and contract with others to clear said land; that subsequent to entering into said contract with Chapman and Sherrard to clear and improve said land Hallam on the 13th day of January, 1911, then in possession of said land, entered into a subcontract with plaintiffs to slash the timber down to six inches in diameter on said land; that, in pursuance of said contract so entered into with Hallam, plaintiffs slashed all the timber down to six inches in diameter on said land and fulfilled said contract; that by the terms of said contract it was expressly understood and agreed that Hallam would pay and plaintiffs would receive for slashing the timber on said lands $15.00 per acre." Claiming from Hallam an unpaid balance of $309, the complaint sets out the preparation and filing by the plaintiffs of a claim of lien and recording of the same in the records of mechanics' liens in the county wherein the land is situated, and prays a decree subjecting the premises to sale under the lien thus claimed.

The answer of the defendants Chapman and Sherrard

traverses all the allegations of the complaint, except as otherwise stated in the affirmative matter of their answer. They avow ownership of the northeast quarter of section 1, township 1 north, range 10 east, of the Willamette Meridian, within which is included all the land mentioned in the complaint. They set out in their very words certain contracts which they had with the defendant Hallam to clear certain lands in the quarter mentioned for which in part payment he was to receive from them a conveyance of a certain other 10-acre tract in that same subdivision, and declare these to be the only contracts between them and Hallam for the clearing of any tract of land. They then quote in full the notice or claim of lien filed by the plaintiffs, and charge that it "is defective, insufficient, and void for the reason that said claim or lien does not contain a sufficient description of land by metes and bounds or legal subdivisions, and for the further reason that it described a kind of work as performed by plaintiffs for which there is no lien given by any statute of the State of Oregon." This last allegation, amounting to the defendants' legal conclusion about the construction of the plaintiffs' claim of lien, is denied by the plaintiffs in their reply, but they admit that the contracts quoted in the answer are the agreements between the answering defendants and the defendant Hallam. The circuit court heard the testimony of the parties, and, without any pleading calling for a correction of the description, entered a decree foreclosing the lien in favor of the plaintiffs by a closing description from which decree the defendants Sherrard and Chapman have appealed.        REVERSED.

For appellants there was a brief over the names of *Mr. William L. Brewster* and *Mr. Kingman Brewster,* with an oral argument by *Mr. William L. Brewster.*

For respondents there was a brief and an oral argument by *Mr. S. W. Stark.*

MR. JUSTICE BURNETT delivered the opinion of the court.

"Any person or persons who shall hereafter clear any land or improve the same by ditching, diking or tiling the same at the request of the owner or person in the lawful possession of the same shall have a lien on the said lands so improved or cleared for his wages and charges for the said service, which lien shall be preferred to every other lien, mortgage, or incumbrance of a subsequent date." Section 7439, L. O. L.

"It shall be the duty of every person claiming the benefits of this act to file with the county clerk of the county where the land is situated within sixty days after the completion of the clearing or improvement of any lands provided for in Section 7439 or after the completion of any contract to clear or improve any land in this act provided, a bill of the wages due such person for such service and a statement of the contract, the name of the contractor together with a sufficient description of land by metes and bounds or legal subdivisions. The said bill so filed shall exhibit the total amount of his demand, after dividing (deducting) all set-offs and counterclaims, and shall be verified by the oath of such claimant that the same is true and an actual, *bona fide,* and existing debt." Section 7440, L. O. L.

1. One seeking to take or charge with a lien the property of another with whom he has not contracted must be able to show a strict compliance with any statute giving such privilege. The statutes conferring a lien upon property for services have always been strictly construed, being in derogation of the common law. *Kezartee* v. *Marks,* 15 Or. 529 (16 Pac. 407) ; *Pilz* v. *Killingsworth,* 20 Or. 432 (26 Pac. 305) ; *Gordon* v. *Deal,* 23 Or. 153 (31 Pac. 287) ; *Rankin* v. *Malarkey,* 23 Or. 593 (32 Pac. 620).

2. The contracts which both parties admit constituted the rule governing the relations between the owners and Hallam show that the second described tract in the complaint was to be taken by Hallam as part compensation for clearing the larger tract mentioned in the contract.

Nothing is said in those contracts about Hallam taking possession of the land which he was to receive as compensation. The defendants contend that under these circumstances, at least as to the smaller tract described in the complaint, Hallam was not in lawful possession of the same so as to give him authority to contract with the plaintiffs so as to bind the title of the owner in fee. The mere fact that a contractor goes upon land for the purpose of performing services thereon for the owner does not give him possession. It is manifest that Hallam could not have maintained ejectment against Chapman and Sherrard to recover possession of any of the land described in the complaint. He stood in no better relation to the owners in fee than any employee or servant of theirs, and therefore is not a person in lawful possession of the land in that sense which would authorize him to contract with a stranger so as to charge owners of the fee or affect their estate.

3. The weight of authority is that ejectment will not lie against a mere servant of the land holder. *Polack* v. *Mansfield,* 44 Cal. 36 (13 Am. Rep. 151) ; *Chiniquy* v. *Catholic Bishop,* 41 Ill. 148. The reason is that in such cases the possession of the servant or the employee is the possession of the employer. Liens of the kind under consideration are plainly distinguishable from those arising under the general law relating to mechanic's liens set out in Section 7416 *et seq.,* L. O. L., providing that several classes or persons therein named "shall have a lien upon the property for the work or labor done * .* or material furnished at the instance of the owner of the building or improvement or his agent; and every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration or repair in full or in part of any building as aforesaid shall be held to be the agent for the purposes of this act." In the statute under which this suit is instituted there

is no provision for making a contractor the agent of the owner. The only one entitled to charge the lands with a lien is the owner or person in lawful possession of the same.

4. Again, it will be observed that the tract first described in the complaint has a description which does not close, and hence is vague and unintelligible. It does not constitute a description of lands by metes and bounds or by legal subdivisions as the statute expressly requires. Although in *Bogard v. Barham,* 52 Or. 124 (96 Pac. 673: 132 Am. St. Rep. 676), this court held that specific performance would lie to compel the conveyance of property described by certain names, and that parol testimony would be received to identify such property so as to enforce specific performance, yet in that same case it was held in an opinion by Mr. Justice EAKIN that a description by metes and bounds which would not close was void. More than that there was no issue raised on the subject of mistake, and, even if there had been, there could not have been any ground for calling it a mutual mistake which equity would correct, for the plaintiffs were proceeding at their peril, and not by virtue of any contractual relation with the defendant owners.

5. It appears in the testimony without dispute that the labor performed by the plaintiffs on the five-acre tract described in the complaint was done at the instance and request of Hallam for his own purposes, and that this five-acre tract was not included or intended to be included for clearing in the contracts between Hallam and the defendants Sherrard and Chapman. Excluding the first-mentioned tract, as we must under the authority of *Bogard v. Barham,* 52 Or. 124 (96 Pac. 673: 132 Am. St. Rep. 676), the lien must fail even if the five-acre tract were properly included within the claim, because the statement prescribed by the statute must be true and for an actual *bona fide* existing debt for labor performed

on the land sought to be charged at the request of the owner or person in lawful possession. As to the five-acre tract, the claim is not true, because it seeks to charge that tract with clearing done elsewhere, and must fail for that reason as well as the one already noted.

The decree is reversed, and the suit dismissed.

REVERSED: SUIT DISMISSED.