Argued February 8, affirmed April 23, 1929.

C. R. McKINLEY ET AL. *v.* EARNEST TICE ET AL.

(276 Pac. 1110.)

For appellants there was a brief over the name of *Messrs. Vinton & Tooze,* with oral arguments by *Mr. W. T. Vinton* and *Mr. Eugene E. Marsh.*

For respondents there was a brief over the names of *Mr. B. A. Kliks, Messrs. Chamberlain, Thomas, Kraemer & Powell* and *Messrs. Seitz & Christensen,* with an oral argument by *Mr. Warren E. Thomas.*

RAND, J.—Plaintiffs contracted with the Tice Lumber Company, a copartnership, to cut into sawlogs all of the timber on a certain tract of land and to deliver the logs at the sawmill of the copartnership. They delivered, pursuant to the contract, 1,098,000 feet of logs for which there is now due them a balance of $1,451.76. The copartnership sawed the logs into lumber and sold the lumber, a part being purchased by the Nebraska Bridge Supply & Lumber Company and the remainder by the Coast Fir and Cedar Products Company, neither of which companies had any notice of plaintiffs' claim. The lumber was sold at a price of $14 per thousand feet of which $10 per thousand feet was paid, the remainder to be paid upon delivery of the lumber on board cars. After the lumber had been so sold, plaintiffs, pursuant to Section 10236, Or. L., filed a lien upon the lumber and shortly thereafter commenced suit to foreclose the lien. Upon the trial of the cause in the court below, the suit was dismissed and plaintiffs have appealed.

The statute under which the lien is claimed provides:

"Every person performing labor upon or who shall assist in obtaining or securing sawlogs, spars, piles, cordwood, or other timbers, has a lien upon the same for the work or labor done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner of the same or his agent. The cook in a logging or other camp, and any and all others who may assist in or about a logging, or other camp maintained for obtaining or securing sawlogs, spars, piles, cordwood, or other timber, shall be regarded as a person who assists in obtaining or securing the sawlogs, spars, piles, cord-

wood, or other timber herein mentioned.'' Section
10236, Or. L.

■ ■ Defendants contend that this statute is in
derogation of the common law and for that reason
must be strictly construed, while plaintiffs contend
that it is a remedial statute and should be liberally
construed.   It is clear from a mere reading of the stat-
ute that it provides remedies which were unknown at
common law.   It was a general principle of the com-
mon law that a bailee of personal property who has
imparted to it an additional value has a lien on the
property for his reasonable charges and he has the
right to retain the property in his possession until
the charges therefor have been paid.   This lien or
right was not an interest in the property itself but
a right to retain only and depended for its existence
upon the actual possession of the property for if
possession was once voluntarily given up then the
lien was lost.   It was also a principle of the common
law that the lien of a workman for services performed
upon a chattel belonged strictly to the person who
contracted to do the work or perform the services
and not to subcontractors or persons employed under
him: *Ross* v. *Spaniel,* 122 Or. 424, 429 (251 Pac. 900,
259 Pac. 430).   This common-law lien has not been
abrogated by statute and hence is still in force in
cases where the facts warrant its application.   The
remedies provided by this statute are entirely dif-
ferent from those provided by the common law and
rest upon an entirely different state of facts.   Under
this statute the possession of the logs at the time the
work is being performed, or the retention of the pos-
session after the services have been performed, is
not essential to the validity of the lien and, in the

case provided for by the statute, the workman is not in possession of the logs within the meaning of that word as used at common law at the time he performed the work. Under this statute the logs are in the possession of the owner and the workman has nothing more than a mere custody over them at the time the work is performed and hence the workman can have no common-law lien in cases provided for under this statute, for the statute contemplates the performance of the work by a laborer who, at the time, is not in the possession of the logs and, since the statute gives to a workman a new remedy, and one which was unknown at common law, the statute is in derogation of the common law and must be strictly construed, both as to the methods to be pursued in enforcing the new remedy and also in determining to what cases the statute is to be applied, but after the statute has been strictly complied with and it has been determined that the lien claimant is one of the persons entitled to a lien under the statute, then the statute should be liberally construed in favor of the persons entitled to the lien. In 2 Lewis' Sutherland on Statutory Construction (2 ed.), Section 690, the author says:

" * * It has been held that such a statute should be construed strictly as to the things to be done to obtain a lien and liberally as to the enforcement of the lien after it has attached; also that it should be construed strictly as to the persons entitled to a lien but liberally as respects the property to which the lien attaches."

The question of construction, however, is not of importance in this suit for the lien is invalid upon two grounds. It appears from the evidence that in the performance of the contract plaintiffs actually performed a part of the work and the remainder of the

work was performed by others who were employed by plaintiffs for that purpose. There was but one lien filed and it included not only a claim for work done by each of the plaintiffs individually but also for what had been done by their employees and nothing appears upon the face of the lien by which a segregation can be made of what was due to plaintiffs or either of them. As said in *Alderson* v. *Lee,* 52 Or. 92, 98 (96 Pac. 234), where this particular lien statute was being considered by the court:

" * * The right to perfect a lien, given by statute, is a privilege limited to the claimant, and that any assignment thereof before record, carries only the chose in action constituting the basis of the intended lien. To constitute a lien, every requirement of the statute must be complied with; and, until such compliance, no lien is created."

Again, in construing an analogous statute, the Mining Lien Law, in *Loud* v. *Gold Ray Realty Co.,* 72 Or. 155, 158 (142 Pac. 785), this court said:

" * * The right to a lien of this kind is a creature of the statute, and the right to perfect such a lien is limited to the persons who do the work or furnish the material or supplies."

Neither of these statutes, the one involved here nor the Mining Lien Law, is similar in respect to this question to the Mechanics' Lien Law which permits a contractor not only to file a lien for his own labor but also to include in his lien the labor of his workmen for whose charges he is responsible. See *Christman* v. *Salway,* 103 Or. 666, 686 (205 Pac. 541). Under this statute, the right to perfect a lien is limited to the persons who performed the work and the amount for which they are entitled to claim a lien is limited to the amount due for the work which

the lien claimant himself performed. The inclusion in this lien of the amounts due others who also performed work in the cutting and delivery of the logs renders the lien invalid. Under Section 10240, Or. L., persons performing work in cutting logs are entitled to a lien for work performed within the period of six months next preceding the filing of the lien. The lien in question here included work performed between June 1, 1926, and December 19, 1926, or a period of six months and nineteen days and there is nothing appearing upon the face of the lien from which a segregation can be made of the work done within the six-months' period provided for by the statute. In order to make such segregation it would be necessary to prove what work was done within the six-months' period by extrinsic evidence which is never admissible in support of a lien. *Christman* v. *Salway, supra*. This lien, therefore, contained both lienable and nonlienable items and there is nothing appearing upon the face of the lien by which the lienable items may be segregated from the nonlienable items and the lien is, therefore, invalid. This renders unnecessary any consideration of the contention made by defendants that plaintiffs, having contracted to log off an entire tract for a stipulated sum per thousand feet, are contractors and not laborers within the meaning of the statute. Upon that question we express no opinion.

The decree of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and MCBRIDE and ROSSMAN, JJ., concur.