Argued February 9, reversed March 1, 1956

## SMITH *v.* LICHTENTHALER
294 P. 2d 334

*R. W. PicKell,* of Salem, argued the cause and filed a brief for appellant.

*C. Ray Johnson,* of Tillamook, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PER CURIAM.

This is an appeal by Margaret Lichtenthaler from a decree foreclosing two mechanic's liens, one in favor of plaintiff, Fred P. Smith, in his own right, and the other in favor of Fred Blackman, Jr., but assigned to plaintiff.

The facts are that prior to the fall of 1952, defendant Lichtenthaler platted the property involved into lots, blocks and streets designating the same as "Juno Heights." Thereafter, at stated periods, she sold certain lots in Juno Heights, some by deed and others by contract.

Thereafter and between the 15th day of September, 1952, and the 9th day of October, 1952, Fred P. Smith and Fred Blackman, Jr., at the special instance and request of defendant Lichtenthaler, did some clearing, bulldozing, blasting, grading and leveling on Juno Heights at the agreed rate of $22 per hour, together with such costs as might be incurred for materials used on the job, plus transportation costs for moving of a caterpillar tractor to the property.

Smith's claim under the contract amounted to $1,566.22 while Blackman's was $142.19. A disagreement ensued over the amount of their respective bills, whereupon Smith and Blackman filed their respective liens, each being in a lump sum, excepting Smith's lien itemized the material used plus the freight for transporting the caterpillar. The description in each of the liens had no reference to Juno Heights but was by metes and bounds, with the following exceptions: Less tracts sold and less Tract No. 4373 and Tract No. 4289.

In filing his complaint, plaintiff abandoned the metes and bounds description and alleged that defend-

ant Lichtenthaler was the owner of certain lots in Juno Heights and that the clearing, bulldozing, blasting, grading and leveling he and Blackman had done was on the particular lots described.

■■ In the present case the evidence conclusively shows that both Smith and Blackman not only worked on lots belonging to defendant Lichtenthaler but on other lots which had theretofore been sold to other parties, and on platted streets. The lien claimants were unable to definitely designate the property they in fact worked on. Their claims were in lump sums and it is impossible to determine from the record how much work was done on defendant Lichtenthaler's lots.

We have repeatedly held that a lien containing both lienable and non-lienable items is invalid where nothing appears on the face of the lien by which lienable items could be segregated from non-lienable items. See *Thornton v. Hallam,* 64 Or 233, 129 P 1046, *Hiner v. Pitts,* 89 Or 602, 175 P 133, *McKinley et al. v. Tice et al.,* 129 Or 190, 276 P 1110, *Phillips v. Graves et al.,* 139 Or 336, 9 P2d 490, and *Kidder v. Nekoma Lbr. Co. et al.,* 196 Or 409, 249 P2d 754.

Reversed.