Argued December 3, affirmed December 17, petition for
rehearing denied December 31, 1958

## BRICE MORTGAGE CO. *v.* WODTKE ET AL
### and BADGER ET AL
#### 332 P. 2d 1044

*Arthur H. Lewis,* Portland, argued the cause for
respondents. With him on the brief was Edward B.
Twining, Portland.

*Glenn D. Ramirez,* Klamath Falls, argued the cause

for appellants. With him on the brief was Robert G. Danielson, Klamath Falls.

Before Perry, Chief Justice, and Rossman, Mc-Allister and O'Connell, Justices.

PER CURIAM.

This is a suit in equity brought by Brice Mortgage Company, as plaintiff, to foreclose a mortgage on a house and lot in Klamath Falls. The appealing defendants, C. R. Badger and D. B. Barker, claimed a mechanic's lien against the property and filed a cross-complaint to foreclose their lien. When the case came on for trial, plaintiff moved for a judgment on the pleadings against said defendants. The motion was allowed and from the decree dismissing their cross-complaint, said defendants have appealed. We will herein refer to the appealing defendants, Badger and Barker, as if they were the only defendants.

The Metropolitan Development, Inc. and W. R. Wodtke owned approximately 26 lots in Eldorado Addition to Klamath Falls and contracted with the defendant C. R. Badger to grade and pave a street adjacent to said lots and to construct driveways leading from the street onto 14 of said lots. The mortgage which plaintiff is seeking to foreclose in this suit covered one of these lots.

The defendants claimed a lien in the sum of $2,708.20 as the balance due for materials furnished and labor performed by the defendant C. R. Badger in grading and paving the said street and constructing the said driveways.

It appears from the allegations of defendants'-cross-complaint and the copy of the lien claim attached thereto that before the notice of lien was filed, the defendant C. R. Badger assigned to D. B. Barker

the sum of $2,683.20 due and owing him from Metropolitan Development, Inc. for the said materials and labor. The notice of lien also states that when it was filed the said sum of $2,683.20 was due and owing to D. B. Barker upon said assignment and that the balance of $25 was due and owing C. R. Badger.

In an unbroken line of cases commencing with *Brown v. Harper,* 4 Or 89, decided in 1870, this court has adhered to the rule that the right to perfect a mechanic's lien by filing the notice required by law is a privilege personal to the party performing the labor or furnishing the material and not assignable. An assignment before the lien is perfected transfers title to the debt but no right to perfect the lien. After the lien has been perfected by filing the required notice, it then becomes assignable and can be enforced in the name of the assignee. See *Alderson v. Lee,* 52 Or 92, 96 P 234; *Loud v. Gold Ray Realty Co.,* 72 Or 155, 142 P 785; *McKinley v. Tice,* 129 Or 190, 276 P 1110; and *Phillips v. Graves,* 139 Or 336, 9 P2d 490.

In *Phillips v. Graves,* supra, this court carefully reviewed its prior decisions and the decisions from other jurisdictions and said:

" * * * We remain satisfied with the conclusions which this court has announced in its previous decisions, holding that the privilege of a lien is a personal one which an assignee of the chose in action can not perfect."

It would serve no purpose to go over the same ground again. If it is desirable that an assignee have the right to perfect a lien claim, the right should be granted by legislative action.

The defendant Badger has raised no question about the unassigned portion of his claim and we therefore express no opinion in regard thereto.

The decree is affirmed.