GEORGE D. BOSCHEN and FREDERICK H. WEFER, Appellants, *v.* MULTICOLOR SALES COMPANY, INC., Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Sales — conditional — contracts — actions — waiver — when action not barred by Personal Property Law.

Where after the sale of a printing press, under a contract of conditional sale, the seller at the buyer's request takes it away and returns certain notes given as part of the purchase price, the transaction constitutes a new contract of resale or

a waiver for a new and valid consideration and an action to recover the cash payment at the time of the conditional sale is not barred by the Personal Property Law.

Appeal from a judgment of the Municipal Court of the city of New York, borough of Bronx, second district, dismissing the complaint.

William R. Hill, for appellants.

Parker, Davis & Wagner (N. Raymond Heater, of counsel), for respondent.

Guy, J.  The action was brought to recover the $175 cash payment on a conditional sale of a printing press and equipment for $175 and six $50 notes (in all $475) on the theory that defendant illegally retook the chattel in violation of section 65 of the Personal Property Law and retained the $175 cash, though not the $300 notes.

The defense was a new contract to cancel the sale and return plaintiffs the $300 notes; plaintiffs to return the chattel and defendant to retain the $175 cash.

Plaintiffs proved the contract, its terms, the payment of $175 cash and the delivery of the $300 notes; that after testing the chattel in their shop they came to the conclusion that it was not what they wanted; that when the first $50 note fell due they were not ready to pay it because they did not want the chattel; that at their request the defendant took away the machine and returned them the $300 notes. One of plaintiffs said at the time he asked defendant to take the machine out and return plaintiffs the notes he had a talk with defendant " as to what allowance you can make me on the $175;" that plaintiffs expected some adjustment would be made later.

The court dismissed the complaint.

The return of the machine to defendant at plaintiffs' request with the concurrent return to plaintiffs' of their notes constituted a valid new contract of resale or a waiver for a new and valid consideration. *Brady* v. *Cassidy,* 145 N. Y. 171, 177–180.

A new agreement for a resale and modification of the original contract is not barred by the Personal Property Law. *Seeley* v. *Prentiss Tool & Supply Co.,* 158 App. Div. 853, 856, 857; affd., *216 N. Y. 687; *Breakstone* v. *Buffalo Foundry & Machine Co.,* 167 App. Div. 62, 73; *Fairbanks* v. *Nichols,* 135 id. 298, 301, 302.

The cases relied on by appellants are cases where there was a retaking of the chattel in violation of the Personal Property Law without the vendee's consent, or else no new contract or novation. *Crowe* v. *Liquid Carbonic Co.,* 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.,* 218 id. 295, 300; *Saitch* v. *Kelley,* 217 id. 719.

BIJUR and MULLAN, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.