A bill of interpleader has been filed by complainant, West Jersey Homeopathic Hospital, against all persons claiming any interest in the funds in its hands. A decree has been entered requiring defendants to interplead and statements of claims have been filed by the several defendants. The only controverted question for determination at this time arises from the claim of the Continental Casualty Company.
One Gibbs contracted with complainant to erect a building for complainant on its land and the casualty company was surety on Gibbs' bond for the faithful compliance with his contract. The building contract was filed pursuant to our Mechanics' Lien statute. 3 Comp. Stat. p. 3290. Gibbs thereafter failed to pay his laborers and materialmen and "stop-notices" were filed by the defendants herein under the provisions of the third section of the act referred to. Due to the financial embarrassments of Gibbs the casualty company paid to laborers working on the building their weekly wages at the end of several successive weeks, and took from each laborer, as these payments were made, an assignment of the debt due to him from Gibbs as wages, and expressly included in each assignment the right to pursue all remedies that the *Page 264 
laborer could have pursued, including the right to file a stop-notice. The casualty company subsequently made demand on the contractor for payment of these assigned claims and served notice in writing on the owner of the wages due under each assignment pursuant to section 3 of the act. It is this stop-notice which is now contested by other laborers and materialmen enjoying stop-notice liens on the money in the hands of the owner.
The primary inquiry herein is whether a laborer's right to acquire a lien on the moneys due or to grow due from an owner to a contractor, as conferred by the third section of our Mechanics' Lien act, is assignable.
This specific inquiry does not appear to have been passed upon in this state except in a recent and unreported case before Judge Jess in Camden circuit court — J. Howard Lumber Co. v. SoffeBros. In that case the view was entertained that the statutory right or privilege of a laborer to procure a lien on the fund in the hands of the owner was not assignable.
A reference to Phil. Mech. L. §§ 54, 54a, 55, and toBoisot Mech. L. §§ 9, 10, will disclose that this specific inquiry has been before the courts of a great number of our sister states; in the latter work the adjudications are reviewed at length by states. Eliminating from that review the cases in which the assignments were made after the liens had been consummated by statutory demand and notice given by the laborer or materialman prior to the assignment, it will be found that the view which appears to have been more frequently entertained has been to the effect that the right to perfect the lien by demand and notice is personal to the laborer or materialman and is not assignable, although many cases to the contrary are there collected; the subsequent adjudications which have been brought to my attention also are in conflict in that respect. See, also,Luce Mech. L. (3d ed.) 146. The Mechanics' Lien statutes of the several states referred to are in general similar to the Mechanics' Lien statute of this state, except that in some states in which the assignability of the right has been denied, no provision is to be found similar to *Page 265 
the fifth section of our act, which section has been here held to confer an inchoate lien; and in California the language of the act may be said to indicate a legislative intent that the stop-notice must be given by the laborer or materialman and not by his assignee, and is so construed by the courts of that state.
The third section of our act provides —
"Whenever any master workman or contractor shall, upon demand, refuse to pay any person who may have furnished him materials used in the erection of any such house or other building, or any subcontractor, journeyman or laborer employed by him in erecting or constructing any building, the money or wages due to him, it shall be the duty of such journeyman, laborer, materialman or subcontractor to give notice in writing to the owner or owners of such building of such refusal, and of the amount due to him or them and so demanded, specifying said amount as nearly as possible, and the owner or owners of such building shall thereupon be authorized to retain the amount so due and claimed by such journeyman, laborer, materialman or subcontractor out of the amount owing by him or them on the contract, or that thereafter may become due from him or them on such contract for labor or materials used in the erection of such building, giving the master workman or contractor written notice of such notice and demand, and if the same be not paid or settled by said master workman or contractor, such owner or owners, on being satisfied of the correctness of said demand, shall pay the same, and the receipt of such journeyman, laborer, materialman or subcontractor for the same shall entitle such owner or owners to an allowance therefor in the settlement of accounts between him and such master workman or contractor, or his representatives or assigns, as so much paid on account."
The argument against the assignability of the statutory right to consummate the lien by demand and notice is necessarily based upon the notion that our statute clearly discloses a legislative intent that the right is to be regarded as attached to the person of the laborer or materialman; a purely personal right as distinguished from a property right, a right which at the death of a laborer or materialman would not pass to his personal representatives; that until the laborer or materialman shall have perfected a lien by the statutory demand and notice, no element in the nature of a property right can be said to exist.
The development of the law of assignability of choses in action is briefly reviewed by Mr. Justice Pitney in Sullivan *Page 266 
v. Vesconti, 68 N.J. Law 543 (at pp. 548 et seq.). The development of the right, through both judicial and legislative activity, has been gradual but steady over a long period of time, until at this time many choses in action heretofore deemed unassignable are now deemed assignable, and by our present statute all choses in action arising on contract are made assignable at law (3 Comp. Stat. p. 4056); this statute is also held to embrace implied contracts. The third section of our Mechanics' Lien act defines the rights of the laborer and materialman as against the contractor and contractor's corresponding obligations to them. While in strictness there can be said to be no privity of contract between them, the statute interposes in behalf of the laborer and materialman and defines their rights and the owner's liability to them; and their rights and the owner's liability, though created by the statute, embody the essential elements of contractual rights and liabilities, since the contractor, in filing his contract, by force of the statute engages to assume in behalf of the laborers and materialmen the liabilities to them defined by the act, and the laborers and materialmen enter upon their employment in reliance upon such an engagement of the owner. In view of the accepted purpose of the statute to protect the laborer and materialman and the broad and liberal policy of our state touching the assignment of choses in action, it seems to me impossible to attribute to our legislature an intent to bestow upon laborers and materialmen a bounty in the nature of an unassignable right.
But in measuring the nature of the right conferred by the more technical rules sometimes employed to determine whether a given right is assignable, the fifth section of the act becomes important. That section and its purpose and effect have been fully considered by our court of errors and appeals, and it has been there determined that its effect is to create an inchoate lien in favor of laborers and materialmen on the money due or to grow due under the terms of the contract, thus denying the owner the right to make advance payments to his contractor. That inchoate lien is declared by our court of last resort to exist prior to the statutory demand and notice under the third section of the act, to the end that *Page 267 
the statutory demand and notice, when made and given, shall perfect a lien consummate on all money which the terms of the contract disclose as due from the owner to the contractor or thereafter to become due. Slingerland v. Binns, 56 N.J. Eq. 413; Bayonne Building Asso. v. Williams, 59 N.J. Eq. 617;Smith v. Dodge Bliss Co., Ibid. 584. While the term "inchoate lien" necessarily imports a lien not fully consummated, it can only be understood as a present property right in the property to which it relates — a right coupled with an interest. It thus appears that even though a laborer or materialman might be said to enjoy by the terms of the third section of the act, standing alone, no interest in the nature of a property right prior to making demand and giving notice, yet by force of the fifth section in connection with the third an interest in the nature of a property right is clearly bestowed upon him prior to that time. That present subsisting property interest in the nature of an inchoate lien, must be regarded as adequate to remove the right from that class of rights sometimes deemed unassignable because devoid of actual or potential relation to property.
It may be further suggested that an examination of the conflicting views entertained in the numerous cases to which reference is made by the text writers already referred to, strongly impels the acceptance of the more modern view that many distinctions have been made between personal and property rights in determining their assignability that appear more artificial than substantial, and that no satisfactory reason appears to exist why one who has the statutory right to consummate a lien may not assign that right to the purchaser of his claim. *Page 268