## Manhattan Taxi Service Corporation, Plaintiff, *v.* Mogul Finance Corporation, Defendant.

Supreme Court, New York County, June 11, 1931.

*Nathan Kelmenson,* for the plaintiff.

*Feiner & Skutch,* for the defendant.

HAMMER, J. Twenty-three taxicabs were sold under a conditional sales agreement by the Checker Cab Manufacturing Corporation, manufacturer, to the plaintiff vendee. Notes bearing indorsements of some of plaintiff's stockholders for the purchase price were also given by the vendee to the manufacturer.

The notes were thereafter duly indorsed and the agreement duly assigned by the manufacturer to the defendant, which advanced or financed the purchase price less charges. In July, 1924, a default in the payment of the notes by plaintiff occurred. Thereafter the twenty-three taxicabs came into possession either of the defendant, as alleged by plaintiff, or of the manufacturer, as alleged by defendant. Plaintiff, suing under section 80-e of the Personal Property

Law (added by Laws of 1922, chap. 642) for one-quarter of the sum of all payments made under the contract, alleges that defendant repossessed the taxicabs and did not sell same within thirty days thereafter, as required by sections 78 and 79 of the Personal Property Law (added by Laws of 1922, chap. 642). Defendant denies a statutory repossession, but admits no resale and by affirmative defense alleges that after default plaintiff, under a new oral agreement with defendant, surrendered the taxicabs to the manufacturer in consideration of the acceptance of the taxicabs and the sum paid in full settlement of the liability of plaintiff and its stockholder indorsers upon the notes. Plaintiff and such indorsers, defendant alleges, were released under the oral agreement by defendant and the manufacturer. As a second defense defendant alleges the oral agreement was executed and the plaintiff is estopped from now asserting any claim under the statute. The notes were not surrendered. The sole question is whether such an oral agreement, without surrender of the notes, is a valid new contract or an estoppel.

The plaintiff relies upon the case of *McDougall* v. *Shoemaker* (202 App. Div. 273, 277), and in particular upon the following: " No new consideration passed. The defendant did not return the notes given as part of the purchase price and the defendant did not waive any rights the waiver of which might constitute consideration, but rather reaffirmed the right which it had to resale and to hold the plaintiff responsible on his notes for any balance due after reselling the car."

In that opinion, however, it is also stated: " There is no proof in the case from which we can hold that there was a valid new contract or an estoppel."

It is not quite clear why this case was cited as authority sustaining the plaintiff's position, since it was reversed and the judgment of the trial court reinstated by the Court of Appeals (236 N. Y. 127).

In the instant case the defendant alleges in its answer, and supports such allegations by affidavits and states upon trial it will prove the new oral agreement referred to, its execution and claimed resultant estoppel. If plaintiff and its stockholder indorsers upon the notes were released from all liability thereon and upon the contract, that would furnish a consideration for the surrender. The return of the notes would not be an absolute necessity. The intent of the parties as shown by their actions is to be considered. Explanation is given for non-surrender of the notes in the statement that the taxicabs were surrendered to the manufacturer against whom defendant brought action to recover its advances. The default of payment occurred in 1924 and although six years have passed the affidavits show that no action was ever instituted by the

defendant or the manufacturer either against plaintiff or the stockholder indorsers to enforce any obligation arising out of the sale, the conditional sales agreement or the notes. Reference is made by plaintiff to an action by defendant against the manufacturer upon the notes to show a failure of consideration. The defendant's affidavits aver that the defendant charged back the amount due on the contracts against the manufacturer and that such action was against the manufacturer upon its indorsement of the notes. There is no proof or statement that the manufacturer ever sued or claimed the right of collection against plaintiff or its stockholder indorsers, although, as pointed out, more than six years have expired. These may not be the real facts. Plaintiff relies also upon proof elicited in examination before trial. There it was stipulated that all objections to the admission of testimony or evidence are reserved until the trial of the action. Many statements in the affidavits of each party are controverted by the other. Evidence on trial may lead to conclusions materially different from those now reached if findings of fact were required to be drawn solely from affidavits in advance of trial. The agreement alleged is not illegal or against public policy. An agreement settling and adjusting the rights between the parties may be made after default. (*Brady* v. *Cassidy*, 145 N. Y. 171; *Seeley* v. *Prentiss Tool & Supply Co.*, 158 App. Div. 853; affd., 216 N. Y. 687; *Breakstone* v. *Buffalo Foundry & Machine Co.*, 167 App. Div. 62; *Fairbanks* v. *Nichols*, 135 id. 298; *Boschen* v. *Multicolor Sales Co., Inc.*, 98 Misc. 637; *Fisher* v. *Stewart Motor Corporation*, 132 id. 225, at p. 231.) Whether it was in fact made and executed are questions of fact and credibility, which by reason of difficulty of determination from affidavit, are not usually decided upon motion for judgment but await the more mature deliberation of trial. A triable issue it appears is raised by defendant's answer and supporting affidavit.

Motion denied, with ten dollars costs.