THE LAMSON COMPANY, INC., Respondent, v. CENTRAL NEW YORK REGIONAL MARKET AUTHORITY and Others, Respondents, and LINCOLN NATIONAL BANK & TRUST COMPANY OF SYRACUSE, Appellant.— Judgment affirmed, with costs. Memorandum: The construction of the regional market was a public improvement. (*Callanan Road Improvement Co.* v. *McMullen Co.*, 253 App. Div. 424; affd., 280 N. Y. 536.) The evidence shows that the Gray Steel Corporation entered into a contract with the general contractor for the construction of the regional market, in which the Gray Steel Corporation agreed to perform part of the contract of the general contractor. It also shows that the plaintiff entered into a contract with the Gray Steel Corporation for the performance of part of the latter's contract. Therefore, the plaintiff became a subcontractor. (Lien Law, § 2.) The contract referred to in the complaint and in the notice of lien was thereafter modified by oral agreement of the parties and the plaintiff performed work under such contract as modified and became entitled to a lien upon the moneys due for the construction of the regional market. The plaintiff has recovered in accordance with its complaint and its notice of lien. All concur, except Dowling, J., who dissents and votes for reversal on the law and for granting a new trial on the ground that the plaintiff on the undisputed evidence was a materialman and not a subcontractor. (The judgment is for plaintiff in an action to foreclose a mechanic's lien upon public funds.) Present — Crosby, Cunningham, Taylor and Dowling, JJ.

DIEGO LANA, Appellant, v. INTERNATIONAL HARVESTER COMPANY OF AMERICA, Respondent.— Judgment of the Monroe County Court modified so as to provide that the complaint be dismissed and as so modified affirmed, with costs to the respondent. Memorandum: The judgment should be modified by inserting therein the provision that the complaint be dismissed and, as so modified, should be affirmed, with costs, upon the authority of *Seeley* v. *Prentiss Tool and Supply Co.* (158 App. Div. 853; affd., 216 N. Y. 687). Although more than fifty per cent of the purchase price had been paid, the new agreement, which was based upon a new consideration and which, by its terms, released the conditional seller from compliance with the provisions of section 79 of the Personal Property Law relating to a compulsory resale by the seller and which released the conditional buyer from any liability for the unpaid balance of the purchase price and for the cost of repairs which were made necessary by damage to the truck while in the buyer's possession and before the retaking by the seller, is not void and unenforcible as contrary to public policy. (See *Manhattan Taxi Service Corp.* v. *Mogul Finance Corp.*, 140 Misc. 386, 388; affd., 234 App. Div. 746.) All concur. (The judgment reverses a judgment of the Rochester City Court, Civil Branch, in favor of plaintiff in an action to recover money paid under a conditional contract of sale for failure of vendor to comply with the statute.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

EARL HAUSS, Appellant, v. ROCHESTER BUTTON COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. Memorandum: As we read the pleadings, it will be open to the plaintiff to prove under the existing complaint all that he sets forth in the proposed amended complaint. All concur. (The order denies plaintiff's motion for leave to serve an amended complaint in an action for damages sustained by reason of contracting silicosis.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.