AUDLEY C. WYNKOOP, Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants; HENDRICKSON BROS., INC., Appellant, and JONES BEACH STATE PARKWAY AUTHORITY et al., Respondents.

Second Department, June 11, 1956.

*Robert M. Blakeman* for appellant.

*Marvin E. Landau* for Audley C. Wynkoop, respondent.

*Charles A. Van Patten* for Cross, Austin & Ireland Lumber Corp., respondent.

MURPHY, J. Appellant, Hendrickson Bros., Inc., hereinafter referred to as " the contractor ", on December 22, 1953, entered into a public improvement contract with Jones Beach State Parkway Authority, a nominal defendant-respondent on this appeal. On January 26, 1954, the contractor ordered, as thereafter amended, signs with letters and directions thereon, from the defendant-respondent Cross, Austin & Ireland Lumber Corp., hereinafter referred to as " the lumber company ". On February 4, 1954, the lumber company ordered signs and letters from defendant Yves De Villers. On April 23, 1954, De Villers gave plaintiff-respondent, hereinafter referred to as " Wynkoop ", an order for lettering. Wynkoop in turn had the letters cast by L & B Electric & Foundry Co., not a party to this litigation. On September 27, 1954, Wynkoop completed delivery, directly to the lumber company, of the lettering ordered from him by De Villers. By a check dated October 8, 1954, the contractor paid $8,395 to the lumber company. Prior thereto and on October 6, 1954, the lumber company had paid in full an assignee of De Villers. De Villers did not pay Wynkoop. On October 21, 1954, Wynkoop filed notice of lien on moneys due to the contractor from Jones Beach State Parkway Authority and thereafter commenced this action for foreclosure thereof.

Under the Lien Law (§ 2, subd. 10) anyone who enters into a contract with a contractor or subcontractor for a public improvement or with a person who has contracted with or through the contractor acquires the status of " subcontractor ". Accordingly, De Villers became a subcontractor of the lumber company and Wynkoop a subcontractor of De Villers. Undoubtedly L & B Electric & Foundry Co. by virtue of its contract with Wynkoop also became a subcontractor. The chain could continue indefinitely. If it be within the power of remote subcontractors effectively to file liens against moneys due the contractor, then the contractor to protect himself would be required to pay no one until expiration of the time within which

liens might be filed, namely, 30 days after completion of the public improvement (Lien Law, § 12). The Legislature has limited the class of subcontractors entitled to file liens against the moneys due the contractor of a public improvement to " A person performing labor for or furnishing materials to a contractor, *his* subcontractor or legal representative ". (Lien Law, § 5 [emphasis supplied].) The restriction in the statute to *his,* as distinguished from *a,* subcontractor, qualifies only those subcontractors who are no more remote from the contractor than persons performing labor for or furnishing materials to one who has contracted with the contractor. That seems the implied holding in *Devitt* v. *Schottin* (274 N. Y. 188, 194). The lienor in *Lamson Co.* v. *Central N. Y. Regional Market Auth.* (258 App. Div. 851, affd. 283 N. Y. 703) was qualified within the statutory provision as one performing labor for or furnishing materials to a subcontractor of the contractor.

In the case at hand, qualified lienors ended with De Villers, who had contracted with the lumber company, which was the subcontractor of appellant. Wynkoop was not within the restricted field and his lien is a nullity.

In addition, the lien is ineffective because prior to its filing De Villers had been paid in full. It is settled that where there is no fund due to a subcontractor by whom a lienor has been engaged the lien cannot be upheld (*Lumbard* v. *Syracuse, Binghamton & N. Y. R. R. Co.*, 55 N. Y. 491, 494; *Crane* v. *Genin*, 60 N. Y. 127, 130; *French* v. *Bauer*, 134 N. Y. 548; *Devitt* v. *Schottin, supra*, p. 194; *Chittenden Lbr. Co.* v. *Silberblatt & Lasker*, 288 N. Y. 396).

There is no merit to Wynkoop's contention that the issues were conclusively determined by denial of appellant's application to discharge of record the lien on the ground that it was invalid on its face (see *Matter of Hendrickson Bros.* [*Wynkoop*], 2 A D 2d 688; *Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98, 102).

The judgment should be modified on the law by striking therefrom the first and second decretal paragraphs and by striking from the fourth decretal paragraph everything following the words " execution therefor " and by substituting in place thereof a provision that the complaint be dismissed as against Hendrickson Bros., Inc. As so modified, the judgment insofar as appealed from should be affirmed, with costs to appellant, payable by plaintiff-respondent. The findings of fact should be affirmed.

WENZEL, ACTING P.J., UGHETTA and KLEINFELD, JJ., concur; BELDOCK, J., concurs in the result.

Judgment modified on the law by striking therefrom the first and second decretal paragraphs and by striking from the fourth decretal paragraph everything following the words " execution therefor " and by substituting in place thereof a provision that the complaint be dismissed as against Hendrickson Bros., Inc. As so modified, judgment insofar as appealed from affirmed, with costs to appellant, payable by the plaintiff-respondent. The findings of fact are affirmed.