[Civ. No. 8847. Third Dist. July 30, 1956.]

PHILLIPS AND EDWARDS ELECTRIC CORPORATION (a Corporation), Appellant, v. GEORGE C. SHINTAFFER et al., Respondents.

Ralph Leon Isaacs and Albert J. McGuire for Appellant.

Manwell & Manwell for Respondents.

McMURRAY, J. pro tem.*—Appellant sued respondents to foreclose a mechanic's lien which they alleged they gained by furnishing a certain "Square D" control panel for use in a rice drying plant which respondent built.

George C. Shintaffer, a farmer, commenced construction of a rice drying plant upon certain property he owned. This plant consisted of a building with bins and other equipment besides the machinery and equipment which constituted the actual drying unit. The trial court found that appellant here had dealt with a materialman, namely the Universal Drier Corporation, and, therefore, found that appellant was not entitled to a lien under the provisions of section 1181 of the Code of Civil Procedure since appellant was a materialman of a materialman. The "Square D" control panel here involved was only a small portion of the equipment furnished to Shintaffer by the Universal Drier Corporation. It was delivered to the job and was billed to the Universal Drier Corporation by appellant.

During the course of building the rice drying plant respondent Shintaffer entered into a written order which provided in part "Universal Drier Corporation agrees to engineer and purchase for George Shintaffer all elevating and conveying equipment for his plant. . . . George Shintaffer agrees to let all engineering necessary for installation of the above conveying equipment, and will purchase from Universal Drier all conveying and elevating equipment. Discounts as above will

---

*Assigned by Chairman of Judicial Council.

be made on presentation of invoice and payment will be made within 10 days after receipt of invoices. . . . Receipt is hereby acknowledged for $1,000.00 for down payment on the above equipment." There was another agreement whereby Universal was to render certain supervision. Appellant contends that this document shows that Universal was something more than a materialman, either in the nature of an agent, contractor, designer, or consulting engineer or a combination of any of these capacities.

A reading of the quoted portion of this agreement is sufficient to show that an ambiguity exists. The trial court, in order to resolve that ambiguity, heard considerable testimony upon the dealings between the parties. In determining what construction to put upon the instrument, the trial court was required to resolve several questions of fact upon which there was conflicting evidence. Its determination that the evidence showed merely that Universal Drier Corporation was a materialman rather than an agent or anything other than a materialman is amply supported by substantial evidence. The provision in the contract that "Shintaffer agrees to let all engineering necessary for installation of the above conveying equipment" does not necessarily compel the conclusion that Universal was more than a materialman. The contract is essentially one for the sale and purchase of equipment. The evidence which was admitted to shed light upon the ambiguities contained in the contract is sufficient to support the trial court in its finding that Universal Drier was only, in fact, a materialman.

The cases of *Roebling's Sons Co.* v. *Humboldt Elec. L. & P. Co.,* 112 Cal. 288 [44 P. 568], and *Bryson* v. *McCone,* 121 Cal. 153 [53 P. 637], both stand for the proposition that where equipment is placed in a building constructed by another, the work done in placing the equipment is but the completion of the contract to deliver. The fact that certain planning or engineering was required in the instant case should not change this well established rule. Neither should the fact that Universal was to supervise the installation of the drier change the result. For other cases to the same effect, the case of *Hihn-Hammond Lbr. Co.* v. *Elsom,* 171 Cal. 570 [154 P. 12, Ann.Cas. 1917C 798], and the cases cited therein are particularly apposite here. Since the finding and judgment of the trial court in this respect must be affirmed, the other point raised by appellant regarding the timeliness of the filing of the notice of purported lien becomes moot as

appellant, being a materialman of a materialman, would not be entitled to a lien regardless of the date of completion. (*Hertel* v. *Emireck,* 178 Cal. 534 [174 P. 30]; *Wolfsen* v. *Smyer,* 178 Cal. 775 [175 P. 10]; *Bell* v. *Scudder,* 78 Cal. App.2d 448 [177 P.2d 796].)

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied August 21, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1956.