Harold E. Kqreman, J.
This is a motion brought by the defendants Johnson, Drake & Piper, Inc. (hereinafter called Johnson) and Continental Casualty Company for an order dismissing the complaint as to them for failure to state a cause of action (CPLR 3211, subd. [a], par. 7).
In the action plaintiff seeks a determination that it has a valid mechanic’s lien on the interest of the defendant Johnson under a public improvement contract that said defendant performed for defendant State of New York, and seeks to foreclose said lien; that the surety, defendant Continental Casualty Company, be declared liable by virtue thereof; that, in the event it be *56 determined that plaintiff does not have a valid lien, a personal judgment be granted against Johnson and/or Sepreio Construction Oorp. (hereinafter called Sepreio), another codefendant, for the amount of the lien. The moving defendants contend that plaintiff is not a person authorized by statute to file a mechanic’s lien under section 5 of the Lien Law.
The complaint alleges that the defendant Johnson was the prime contractor engaged to perform the public improvement contract for the State of New York; that said prime contractor contracted with defendant Sepreio for the furnishing of certain services and materials and that thereby Sepreio became a subcontractor of the prime contractor; that Sepreio in turn contracted with Gregory-Keegan, Inc., plaintiff’s assignor, whereby Gregory-Keegan, Inc. was to process the materials to be furnished by Sepreio to Johnson to conform to specifications of the prime contract; that plaintiff’s assignor fully performed its contract with Sepreio; that there is a balance due and owing to plaintiff by .Sepreio in the amount of $11,125 under said contract, for which a mechanic’s lien has been filed against defendant Johnson.
Section 5 of the Lien Law prescribes the persons authorized to file and the conditions for filing a lien on a public improvement contract. It restricts the right to such lien to “a person performing labor for or furnishing materials to a contractor, his subcontractor or legal representative ”. The only question to be determined, therefore, is whether defendant Sepreio was a subcontractor of defendant Johnson or obligated simply to furnish materials to Johnson. A copy of the agreement between Johnson and Sepreio attached to the moving papers indicates that Johnson purchased from Sepreio a substantial quantity of materials for use on the public improvement project and that the materials were to conform to State specifications. As alleged in the complaint, Sepreio contracted with plaintiff’s assignor to process the materials so that they would conform to the specifications called for in the prime contract. Also attached to the moving papers is a copy of a contract between Johnson and Sam Giordano Construction Co. Inc., a subcontractor, who was engaged by Johnson to load the materials at a pit owned by Sepreio and haul it to the jobsite. Thus, it would appear that Sepreio was to do nothing more than furnish materials under its agreement with Johnson, and since it did not involve furnishing labor or other services in the performance of some part of the prime contract, Sepreio was not a subcontractor. (Dorn v. Johnson Corp., 16 A D 2d 1009.) The statutory condition that a lien may be filed by a person performing labor for a contractor *57 does not extend to labor performed on materials to be used in the improvement if .such labor or services are not applied to their actual installation therein. (Buhler Co. v. New York Dock Co., 170 App. Div. 486,488; Jensen, Mechanics’ Liens [4th ed.], § 15.) Since, therefore, plaintiff’s assignor’s contract was with a materialman and not a subcontractor, it could not file a valid lien. Under the statute only a person not more remote from the contractor than one performing labor for or furnishing material to his subcontractor is entitled to file a mechanic’s lien. (Lien Law, § 5; Wynkoop v. People, 1 AD 2d 620, affd. 4 N Y 2d 892.)
While the complaint alleges that Sepreio became a subcontractor of Johnson, on a motion of this kind only statements of fact, not legal conclusions, are assumed to be true. As to the alternative relief sought for personal judgment for the amount of lien against the moving defendants, complaint does not allege any basis for granting such relief. Motion granted.