GOULD, INC., a Delaware corporation,
Plaintiff,

v.

DYNALECTRIC COMPANY, a foreign corporation, Defendant and Third Party Plaintiff,

ERNEST DiSABATINO & SONS, INC., a Delaware corporation and General Motors Corporation, a Delaware corporation, Defendants,

v.

ALEXANDRIA LIGHTING & SUPPLY, INCORPORATED, a foreign corporation, Third Party Defendant.

Superior Court of Delaware,
New Castle County.

Submitted May 27, 1981.
Decided July 23, 1981.

namco, Inc. ... and shall be paid directly *by* lender to John Julian Construction Co. for land improvements." (Emphasis added).

Richard H. May, Sydney R. Chirlin and Josy W. Ingersoll of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Stanley W. Balick, Wilmington, for defendant Dynalectric Co.

WALSH, Judge.

In this mechanics' lien action, the Court is required to determine, as a matter of first impression in Delaware, whether the assignee of an unperfected claim may pursue a mechanics' lien action to recover payment allegedly due the assignor-supplier. I conclude that it may not.

The plaintiff, Gould, Inc., is a manufacturer of electric equipment which it distributed on a consignment basis to Alexandria Lighting and Supply, Inc. (Alexandria). Between March 11 and September 28, 1980, Alexandria, in turn, supplied Gould equipment to the defendant, Dynalectric Company, for installation at the Boxwood Road plant of General Motors. As of December 1, 1980, Alexandria claimed an outstanding balance due from Dynalectric of $230,-335.82. On that date, Alexandria executed a written assignment in favor of Gould in which it assigned all rights, interests and causes of action, "including its right to file a mechanics' lien action against Dynalectric Company and General Motors Corporation." Thereafter, within the statutory period permitting the filing of materialmen's claims, Gould, as assignee, initiated this mechanics' lien action. Dynalectric has moved to dismiss the claim on the ground that Gould, as a mere assignee of an unperfected claim, is not a party entitled to obtain a lien under the Delaware Mechanics' Lien Act.

The Delaware Mechanics' Lien Act (25 *Del.C.* § 2701 *et seq.*) contains no provisions for allowing or disallowing the assignment of claims which may form the basis for the imposition of a lien. Gould argues that Delaware law favors the free assignability of both contract rights and choses in action, and, as a corollary, the assignment of mechanics' lien claims should be recognized. Dynalectric contends that a claim for a mechanics' lien is neither a contract right nor a chose in action, but an extraordinary remedy whose strict interpretation should not permit assignment in the absence of specific statutory authorization.

The class of persons who are expressly authorized to obtain mechanics' liens is limited to those who "performed or furnished labor or material, or both * * * for the erection, alteration or repair of any structure. . . ." A necessary premise to such "furnishing" is that it be supported by a contractual undertaking, "express or implied." At first blush, a supplier of a supplier would appear to be outside the protected class because of lack of privity. Decisions denying such status have generally adopted the principle that a materialman who supplies a materialman is too remote in relationship to the improvements to the realty upon which the lien is sought. *American Buildings Co. v. Wheelers Stores*, Wyo. Supr., 585 P.2d 845 (1978); *Kingston Trust Company v. State*, N.Y.Supr., 57 Misc.2d 55, 291 N.Y.S.2d 208 (1968); *Phillips & Edwards Electric Corporation v. Shintaffer*, Ct.App.Cal., 143 Cal.App.2d 561, 299 P.2d 912 (1956). While these decisions do not involve standing by an assignee, they reflect the rationale that the statutory remedy may not be extended to materialmen having no direct contact with the owner, the general contractor or a subcontractor. As the Court noted in *American Buildings*: "Somewhere the application of the lien statute must stop in the chain of material supply." (585 P.2d at 850).

While conceding that it has no direct standing to seek a mechanics' lien, Gould argues that, as the assignee of a protected entity, it should enjoy the same rights of contractual enforcement as its assignor. Gould points to the general assignability of all contracts under 10 *Del.C.* § 3902 which provides: "A person to whom a contract, express or implied, has been transferred or assigned, either in accordance with a statute or with the common law, may sue thereon in his own name." Additionally, Gould urges that a cause of action from a mechanics' lien would satisfy the statutory test of survivability[1]—one test of assignability. *Garford Motor Truck Co. v. Buckson*, Del. Super., 143 A. 410 (1927).

Gould's position is not without direct decisional support. *Southern Surety Co. of New York v. First State Bank of Marquez*, Tex.Civ.App., 54 S.W.2d 888 (1932); *West Jersey Homeopathic Hospital v. Gibbs*, N.J. Ch., 103 N.J.Eq. 262, 143 A. 316 (1928). These cases appear to adopt the argument that assignability of a mechanics' lien assists the laborer or materialman to secure satisfaction of his claim by transferring it for value, thus avoiding the delay incident to fixing the lien. Moreover, where assignability is expressly permitted by statute, the assignor's standing will be recognized. *McAlister v. Des Rochers*, Mich.Supr., 132 Mich. 381, 93 N.W. 887 (1903). But statutorily conferred assignability has been restricted to liens already filed and not to an inchoate right to lien. *Noll v. Kenneally*, Neb.Supr., 37 Neb. 879, 56 N.W. 722 (1893); *Brown v. Smith*, Iowa Supr., 55 Iowa 31, 7 N.W. 401 (1880).

■ Because of its unique character, a claim for a mechanics' lien cannot be viewed as an ordinary contractual right nor analogized to actions at law to recover for breach of contract. A mechanics' lien action has been said to be of an equitable character arising out of commercial necessity. W. M. Rockel, *A Treatise on The Law of Mechanics' Liens*, § 2 (1909). As statuto-

ry remedies and in derogation of the common law, these statutes must be strictly construed. *Iannotti v. Kalmbacher*, Del.Super., 156 A. 366, 368 (1931). *See also, Department of Community Affairs and Economic Development v. M. Davis and Sons, Inc.*, Del.Supr., 412 A.2d 939 (1980); *Silverside Home Mart, Inc. v. Hall*, Del.Super., 345 A.2d 427, 428 (1975); *Heitz v. Sayers*, Del.Super., 113 A. 901, 902 (1921).

Decisions which have denied assignability of mechanics' liens in the absence of statutory authority have viewed the unique remedy as a personal one intended to benefit a limited class of laborers and materialmen: those who are in some privity with the owner of the structure or those entrusted with primary responsibility for the construction or renovation. *Brice Mortgage Co. v. Wodtke*, Or.Supr., 215 Or. 192, 322 P.2d 1044 (1958). The leading decision reflecting that view is *Hall v. Carl G. Ek & Son Construction Co.*, N.Y.App.Div., 17 A.D.2d 558, 236 N.Y.S.2d 555; *aff'd*., N.Y. Ct.App., 13 N.Y.2d 825, 242 N.Y.S.2d 352, 192 N.E.2d 227 (1963). Despite a vigorous dissent, a majority of the Court reasserted a decisional principle of long standing in New York: that an unperfected claim for a mechanics' lien, as distinguished from the assignment of lien already filed, is a personal right, limited to the person performing the labor or furnishing the material. The dissenting opinion, adopting the view expressed in *Southern Surety Co., supra*, reasoned that denying assignability to mechanics' lien claims deprived the materialmen of the right to realize the value of the claim under modern commercial practices.

The considerations which deny assignability to an unperfected mechanics' lien are clearly consistent with the nature of the remedy and are the more compelling. The primary purpose of the remedy, to permit the imposition of a lien by one not in express privity with the owner, is not served by extending the scope of the remedy to persons who, at the time of the transfer of

---

1. The Delaware survival statute, 10 *Del.C.* § 3701 provides in pertinent part: "All causes of action, except actions for defamation, mali-

cious prosecution, or upon penal statutes shall survive . . . ."

materials by them, may not be aware of either the identity of the ultimate user or the structure upon which credit was pledged. Moreover, the structure owner and his contractors will be denied the opportunity to secure protection from potential lienholders through joint payment procedures or other such cautionary practices, if they are unable to identify the class of persons who are deemed laborers and materialmen. It is this latter feature which confers upon a mechanics' lien action its unique personal form. In view of the need for reasonable certainty and predictability in commercial transactions, expansion of the class of potential lienors should not be encouraged.

In the final analysis, however, a restrictive interpretation must spring from the statutory nature of the remedy. The Delaware Mechanics' Lien Act is strictly construed because it erodes basic common law considerations of privity. The assignability of other causes of action which lack the unique features of the mechanics' lien act do not suggest a different result. Any expansion of that concept must be clearly and legislatively pronounced so that all parties to the construction transaction may be aware of the scope of their contractual responsibilities. I conclude that the assignability of an unperfected mechanics' lien is not authorized under existing Delaware law and may not be permitted in the absence of clear legislative expression.

IT IS SO ORDERED.