[S. F. No. 3114. In Bank.—November 29, 1907.]

# MORRIS WINDT, Respondent, v. MARY I. COVERT, Appellant.

MORTGAGE—DEED AS MORTGAGE—GRANTEE AS TRUSTEE FOR MORTGAGOR—SATISFACTION OF PRIOR LIEN—STATUTE OF LIMITATIONS.—Where a debtor, for the purpose of securing his creditor, buys a tract of land subject to a mortgage to a third person and causes it to be conveyed to the creditor as security for his indebtedness, the grantee becomes the holder of the legal title, subject to a resulting trust in favor of his debtor, the real purchaser. The transaction also creates the relation of mortgagor and mortgagee between the debtor and the grantee, and as such mortgagee the latter is the holder of a special lien on the land conveyed, within the meaning of section 2876 of the Civil Code, and under that section, if he is compelled to satisfy the prior mortgage for his own protection, he may enforce payment of the amount so paid by him as a part of the claim for which his own lien exists, notwithstanding at the time of the commencement of the action to foreclose his own lien the statute of limitations would have barred an independent action to foreclose the prior mortgage, or an action by him to be subrogated to the rights of the senior mortgagee.

ID.—STATUTE OF LIMITATIONS AGAINST JUNIOR MORTGAGEE.—So long as the right of the junior mortgagee exists to foreclose his lien the right to recover as a part of it the amounts paid by him to satisfy prior liens could not consistently with the provisions of section 2876 of the Civil Code be barred by the statute of limitations.

ID.—COMPULSORY PAYMENT OF PRIOR LIEN.—Where the holder of a lien upon property pays a prior mortgage thereon, after suit to foreclose such prior mortgage has been commenced or is threatened, he is, within the meaning of section 2876 of the Civil Code, compelled to pay such mortgage for his own protection.

ID.—SATISFACTION OF PRIOR MORTGAGE.—Under the provisions of that section, which gives the right to enforce as a part of his own claim to a lienor who has been compelled to "satisfy" a prior mortgage, it is not necessary that such prior mortgage should have been

formally satisfied of record, or that a suit for its foreclosure should have been dismissed. The word "satisfy," as there used, means no more than to pay or discharge.

ID.—FORECLOSURE—DEFICIENCY JUDGMENT FOR PAYMENT OF PRIOR LIEN —APPLICATION OF PROCEEDS OF SALE.—In an action by the junior mortgagee to enforce his own mortgage and his claim for the amount paid by him to satisfy the prior mortgage, a personal judgment cannot be entered against his mortgagor for any deficiency which would include the amount paid to satisfy the prior mortgage, if his mortgagor never, either expressly or impliedly, promised to pay such prior mortgage. It is proper, however, that the judgment of foreclosure should provide that the proceeds of sale should be applied to the discharge of the claim arising from the payment of the prior mortgage before applying them to the payment of the mortgage indebtedness personally owing by the plaintiff's mortgagor.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, and R. V. Whiting, for Appellant.

Wallace A. Wise, for Respondent.

SLOSS, J.—On April 27, 1893, the defendant executed and delivered to plaintiff her promissory note in the sum of twenty-two hundred dollars, payable six months after date. At the same time, and as security for the payment of said note, said defendant, Mary I. Covert, purchased from one Brown a parcel of land in the county of Alameda and caused Brown to execute a conveyance thereof to the plaintiff. This action was commenced on the twenty-fifth day of October, 1897, and by his complaint the plaintiff, treating the conveyance of the land to himself as a mortgage, sought a decree of foreclosure.

At the time of the execution and delivery of the deed by Brown to the plaintiff, there existed a mortgage on said premises made by Brown to one Hardy, to secure a promissory note in the sum of three thousand dollars with interest at the rate of eight per cent per annum. The complaint alleges that on or about the fifteenth day of December, 1893, Hardy brought an action to foreclose his said mortgage, and that on or about the twenty-fifth day of May, 1894, the plaintiff herein paid, satisfied, and discharged said note and mortgage by paying and

delivering to Lucius L. Solomons, to whom Hardy had assigned his note and mortgage, the sum of $3,483.46, that being the amount then due and owing thereon. It is alleged, further, that said sum of $3,483.46 was necessarily and properly expended by the plaintiff to protect and preserve his own lien. The complaint sets forth that the plaintiff had been in possession of the property and had collected rents, which he credited upon the interest due, and that he had allowed to the defendant a further credit of nine hundred and fifteen dollars on the principal of the promissory note executed by her. An answer was filed raising various issues, and after a trial the plaintiff had judgment of foreclosure adjudging that there was due him from the defendant Covert the sum of $375.25 on account of the note executed by said defendant, and the further sum of $4,378.25 on account of moneys paid by the plaintiff to Solomons to pay and satisfy the debt secured by the Hardy mortgage; directing a sale and providing for a deficiency judgment against the defendant, Mary I. Covert, in the event that the proceeds of such sale should prove insufficient to pay said sums and costs.

The defendant appeals from the judgment and from an order denying her motion for a new trial.

It appears that at the time this action was commenced, October 25, 1897, an independent action to foreclose the mortgage given by Brown to Hardy, or a suit by plaintiff to be subrogated to Hardy's claim, would, if then begun, have been barred by the statute of limitations. In the answer of the defendant she relied upon the statute of limitations, so far as plaintiff's right to recover the amount paid on the Hardy note and mortgage was concerned, and it is now urged that the court erred in including the amount paid on said note and mortgage in the judgment herein. This contention is answered by the provisions of section 2876 of the Civil Code, which reads: "Where the holder of a special lien is compelled to satisfy a prior lien for his own protection, he may enforce payment of the amount so paid by him, as a part of the claim for which his own lien exists." That the conveyance of the property in question to the plaintiff, under the circumstances above set forth, constituted him the holder of a special lien within the meaning of the Civil Code (see sec. 2875) is not questioned. The plaintiff became the holder of the legal title,

subject to a resulting trust in favor of the defendant, the real purchaser. But the fact that the title was conveyed as security gave the transaction, in equity, the additional character of a mortgage. (Civ. Code, sec. 2924.) "In such a case the grantee holds a double relation to the real purchaser, he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase." (*Campbell* v. *Freeman,* 99 Cal. 546, 548, [34 Pac. 113] ; *Woodard* v. *Hennegan,* 128 Cal. 293, [60 Pac. 769] ; *Banta* v. *Wise,* 135 Cal. 277, [67 Pac. 129].) And as such mortgagee he is the holder of a special lien, "unless otherwise expressly agreed." (Civ. Code, sec. 2923.)

The effect of section 2876 is to give to the holder of a special lien who is compelled to satisfy any prior lien for his own protection the right to add the amount so paid to the amount for which his special lien was security and to enforce both together. "There can be but one action for the recovery of any debt . . . secured by mortgage." (Code Civ. Proc., sec. 726.) Such action, which is an action of foreclosure, affords the only method by which the plaintiff could enforce payment of the "claim for which his own lien exists." The only way in which he could enforce payment of the amount paid by him in satisfaction of a prior lien *as a part of the claim* which he already held was by including that amount in the action brought by him for foreclosure of his mortgage. So long as the right to foreclose his junior lien existed, the right to recover as a part of it the amounts paid by him to satisfy prior liens could not, consistently with the provisions of section 2876, be barred by the statute of limitations. Any other construction of this section might require the holder of a lien who has been compelled to satisfy prior liens to commence separate actions to recover the amounts paid on account of such prior liens, before his own obligation became due. To compel him to commence such separate actions would be contrary to the plain provision of the statute which allows him to enforce payment of the amounts so paid by him *as a part of his own claim.*

The payment of the Hardy mortgage by plaintiff was made after an action had been commenced by Hardy against Brown and the plaintiff herein to foreclose said mortgage, but before said action had gone to judgment. It is argued that a payment at this time was not within the rule of section 2876 above

quoted, in that plaintiff was not "compelled" to pay said mortgage. The argument appears to be that a lien-holder has no right under this section to satisfy a prior lien until a suit on such prior lien has been carried to judgment, and sale has been had and the time for redemption is about to expire. This is an unreasonable construction of the section and one which would not benefit the debtor, since the delay insisted upon would result merely in adding costs and expenses to the amount which must ultimately be paid by such debtor. In *Foster* v. *Furlong*, 8 N. Dak. 282, [78 N. W. 987], the supreme court of North Dakota, in construing a statute identical with section 2876 of our Civil Code, says: "The compulsion with which one acts in paying a prior lien and which entitles him to add the amount so paid to his lien, is merely an existing necessity to do so to protect his own interests under his lien after the party primarily liable to make the payments has defaulted in so doing." We think this is the proper construction of the language, and that where the holder of a lien upon property pays a prior mortgage thereon, after suit to foreclose such prior mortgage has been commenced or is threatened, he is, within the meaning of the section under discussion, compelled to pay such mortgage for his own protection.

Upon the payment of the amount of the Hardy mortgage by plaintiff to Solomons (the assignee of Hardy), the suit to foreclose that mortgage was not dismissed and said suit was still pending at the time of the trial of this case. Furthermore, there was no evidence that any formal release of the mortgage had been entered of record, and the court excluded evidence offered by the defendant to prove that such mortgage had not been satisfied of record. The point made in this regard is that the mere payment of a prior lien is not a compliance with the provisions of section 2876, which gives rights to one who has been compelled to *satisfy* a prior lien. It is argued that a formal satisfaction must be entered of record. We think there is no reason for giving this technical construction to the word "satisfy." Section 2941 of the Civil Code, which provides for a satisfaction of record, declares that it must be entered "when any mortgage has been satisfied." The word "satisfied" as here used, unquestionably means no more than paid or discharged, and the same meaning, which is the usual and ordinary one, should be given to it in section 2876.

The appellant attacks the findings of the court to the effect that the plaintiff went into possession by and with the consent of the defendant and that the net rents received by the plaintiff were $1,330.64. Without reviewing the evidence we shall merely state that it was sufficient to support the findings.

Finally, the appellant claims that the judgment is erroneous in directing that, in case the property does not sell for sufficient to pay the plaintiff, a deficiency judgment be entered as against the defendant. So far as the judgment authorizes a personal judgment which shall include the amount paid by the plaintiff to satisfy the Hardy mortgage, we think this contention is sound and must be sustained. The appellant executed a promissory note by which she agreed to pay the plaintiff twenty-two hundred dollars. Of this amount the court finds that $375.25 is still due. This is the only amount which the appellant ever undertook to pay. While, by virtue of section 2876 of the Civil Code and of the general principles of equity, the property given as security by her for this claim is properly chargeable with the payment of any amounts which the lien-holder was obliged to expend to protect his security, no reason is suggested, and none suggests itself to us, why the appellant should, in the event of a deficiency of security, be held to be personally liable to pay the amount due upon a note which she never executed and payment of which she never assumed. Section 2876 makes the amount paid to satisfy a prior lien a part of a secured claim of the party paying, but this is only for the purpose of enforcing payment out of the security. The lien is made to cover both amounts. But a personal liability does not result from the mere existence of a lien. Such liability depends on a promise to pay, and here there has been no such promise, express or implied. The defendant was not personally liable on the Hardy mortgage while it was held by Hardy or his assignee, and a personal liability to plaintiff could not arise from the mere fact that plaintiff for his own protection, and not at the request of the defendant, paid off the mortgage.

While the defendant is not personally liable for the amount paid on account of the Hardy mortgage, it is proper that the proceeds of sale should be applied to the discharge of this claim before applying them to the payment of the amount due on the note signed by the defendant. The Hardy mortgage

was, before plaintiff satisfied it, a prior lien, and as such entitled to priority in payment. The fact that plaintiff, on paying this prior lien, became entitled to enforce payment of the amount so paid as a part of his already existing claim (Civ. Code, sec. 2876) furnishes no reason why, in equity, the respective priorities of the liens, as theretofore existing, should be disturbed.

It was suggested at the oral argument that a sale of the property under the judgment had been had and that no deficiency had resulted and that therefore the question of personal liability is of merely academic interest. But these facts do not appear of record, and furthermore, the appellant, if she has succeeded in showing that the judgment appealed from was erroneous in any particular, is entitled to recover her costs of appeal. The error herein referred to will not, however, require a retrial of the case, nor will it, in case a sale has been had, require a vacation of that sale. Conformity to the views hereinabove expressed can be effected by adding to the decree a provision that the amount of any deficiency judgment shall not exceed the balance found due on the note executed by the defendant.

It is ordered that the judgment be modified by limiting the amount of any deficiency judgment to be entered against the defendant to $375.25, with interest at the legal rate from the date of judgment, and that, as so modified, the judgment be affirmed.

The order denying a new trial is affirmed.

Shaw, J., Angellotti, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.