[No. 7241.   Decided September 24, 1908.]

H. D. GRIMM et al., Respondents, v. PACIFIC CREOSOTING
COMPANY, Appellant, JOHN H. SAUNDERS, Defendant,
OLYMPIA HARDWARE COMPANY et al., Interveners.[1]

LOGS AND LOGGING—LIENS—FORECLOSURE—ELOIGNMENT — ACTIONS
—JOINDER—PARTIES.   In an action to foreclose liens upon several
booms of logs, two of which had been eloigned and removed from
the jurisdiction of the court by a defendant, he is a proper party to
the foreclosure action, where it is alleged that he had also purchased
the booms within the jurisdiction of the court, and damages may be
awarded against him for the eloignment, and his demurrer for mis-
joinder of causes of action is properly overruled.

APPEAL — RESERVATION OF GROUNDS — OBJECTIONS.   Where no de-
mand for a jury trial was made below, the question will not be con-
sidered on appeal.

SAME—LIEN ON PORTION OF LOGS FOR ENTIRE SERVICE.   Lien claim-
ants who had worked for defendant for from one to six months, in
getting out logs in several log booms, have a lien upon all the logs
cut and secured during the time, and they need not prove that the
services for which the lien was filed were all performed in cutting
and securing the particular logs against which the lien was filed.

SAME—COSTS—ATTORNEY'S FEES—LIABILITY OF ELOIGNER.   In an
action foreclosing liens on certain logs, and for damages against a
defendant for the eloignment of logs, it is error in entering personal
judgment against the eloigner to tax as costs attorney's and receiver's
fees allowed in the matter of the foreclosure.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered September 28, 1907, upon find-
ings in favor of the plaintiffs, after a trial before the court,
in an action to foreclose liens on logs.   Modified as to costs.

Troy & Falknor, for appellant.

E. N. Steele and King & King, for respondents.

RUDKIN, J.—This action was instituted to foreclose a lien
for services and labor performed at the special instance and
request of the defendant Saunders, in cutting and securing

[1]Reported in 97 Pac. 297.

certain logs and piles. From a judgment in favor of the several plaintiffs, the defendant Pacific Creosoting Company has appealed.

The property against which it was sought to foreclose the lien was described in the complaint as one boom of piles or logs, containing 31,500 running feet of piles or logs, and one boom of piles or logs containing 39,470 running feet of piles or logs, all of which were branded or marked "S" on the end thereof, and about 8,000 running feet of piles or logs lying partly on land and partly in the water in section 18, township 18, north of range 1 east, W. M., in Thurston county. The complaint further alleged that all the piles or logs above described had been purchased by the appellant, the Pacific Creosoting Company, and that the two booms had been eloigned by the purchaser and removed beyond the jurisdiction of the court to some place to the respondents unknown. The complaint prayed for a foreclosure of the lien, and for damages against the Creosoting Company for the eloignment.

A demurrer to the complaint for misjoinder of causes of action was overruled, and this ruling is the first error assigned. If the contention of the appellant, that it had no interest in or claim to the logs within the jurisdiction of the court against which the foreclosure was sought, were borne out by the record, there would be much force in its further contention that two causes of action were improperly united. Such, however, is not the case here. The complaint alleged that the appellant purchased not only the two booms which had been removed beyond the jurisdiction of the court, but also the 8,000 lineal feet of piling within the jurisdiction of the court against which the lien was actually foreclosed. The appellant was, therefore, a proper party to the foreclosure action; and being such, it was competent for the court to give judgment in damages against it for the eloignment, under Bal. Code, § 5949 (P. C. § 6101). Whether the appellant

was entitled to a jury trial in the case for eloignment we need not inquire, as no demand for a jury was made.

The remaining assignments, except in relation to the question of costs, are based on the insufficiency of the testimony to sustain the judgment. The proof tends to show that the several respondents were in the employ of the defendant Saunders, from one to six months prior to the date of filing the lien, and that, during a portion of that time, some of the respondents, at least, were engaged in cutting and securing logs which were boomed by the defendant Saunders and consigned to Moran Bros. at Seattle, and in cutting and securing two other booms of piles or logs which were sold and delivered to the appellant more than thirty days prior to the date of filing the lien claim. The court below found that all the labor and services for which a foreclosure was sought were performed in cutting and securing the two booms eloigned within the thirty days before filing the lien and upon the 8,000 feet within Thurston county. If it was incumbent upon the respondents to prove that such was the case, the proof on their part is far from satisfactory, though we are not prepared to say that the findings are unsupported by the testimony. But, in our opinion, the several respondents had a lien on all the logs and on all the piles cut and secured during the time of their employment, and it was not incumbent upon them to prove that the services for which the lien was filed were all performed in cutting and securing the particular piles or logs against which the lien was claimed. The contention that the decree is unsupported by the testimony is, therefore, without merit.

The last assignment relates to a question of costs. The 8,000 lineal feet of logs or piles against which the lien was actually foreclosed were of the value of $345, according to the testimony and the return of the sheriff on the special execution issued on the judgment. In the foreclosure action a receiver was appointed to take charge of the property, and

in the decree of foreclosure a personal judgment was given against the appellant, not only for the aggregate amount of the several lien claims, but also for the costs of the foreclosure, including $340 attorney's fees allowed by the court, and $231 receiver's fees. This, in our opinion, was error. While it was competent for the court to give judgment against the eloigner in the foreclosure action, yet the recovery should not exceed the amount recoverable in an action at law. In an action at law no attorney's fees or receiver's fees could be taxed, and they should not have been taxed personally against the appellant in this action.

The judgment against the appellant will, therefore, be modified by striking therefrom and from the cost bill the items of $340 attorney's fees and $231 receiver's fees, and as thus modified the judgment is affirmed. The appellant will recover its costs on appeal.

HADLEY, C. J., FULLERTON, ROOT, MOUNT, and CROW, JJ., concur.