Argued September 7, affirmed October 25, 1967, United States
Supreme Court dismissed appeal March 25, 1968

FERIS ET AL, *Appellants, v.* BALCOM ET AL,
*Respondents.*
432 P. 2d 684

*Stuart W. Hill,* Portland, argued the cause for appellants. With him on the briefs were Gilley, Busey & Hill, Portland.

*J. Gary McClain,* Milwaukie, argued the cause for respondents. With him on the brief were Erlandson, Morgan & McClain, Milwaukie.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

■ In this suit to foreclose a logger's lien plaintiffs appeal from an order of the trial court dismissing their complaint. The principal issue is whether an employer is entitled to a logger's lien for the labor of his employees under ORS 87.125.

■ The defendants Balcom contracted with the defendant Caffall Brothers Forest Products (Caffall Brothers) to log and haul timber owned by Caffall Brothers. The Balcom's subcontracted the hauling to plaintiffs. Plaintiffs employed others to help them haul the logs with plaintiffs' equipment. Part of the logs were hauled by plaintiffs individually and the

balance was hauled by plaintiffs' employees. Caffall Brothers paid the Balcoms for the hauling but the Balcoms did not pay plaintiffs. Plaintiffs filed a lien on the logs for the amount due them from the Balcoms in which they commingled without segregation the hauling done by themselves and that done by their employees.

ORS 87.125 provides as follows:

> "Every person performing labor upon or who shall assist in obtaining or securing sawlogs, spars, piles, cordwood or other timbers, has a lien upon the same for the work or labor done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner or his agent. * * *"

The relevant facts in this case are substantially the same as those which existed in the case of *McKinley et al v. Tice et al,* 129 Or 190, 276 P 1110 (1929). In that case plaintiffs contracted with defendants to cut all of the timber on a particular tract of land and to deliver the logs to the mill of defendants. This court held that a logger's lien filed by plaintiff employers, which commingled without segregation work done by plaintiffs and their employees, was invalid. The right to perfect a logger's lien for labor was limited to the persons who actually performed the work. The commingling without segregation of lienable and non-lienable items was held to invalidate the entire lien. The court relied upon the following language from *Loud v. Gold Ray Realty Co.,* 72 Or 155, 158, 142 P 785 (1914), which construed an analogous statute, the miner's lien law:

> "* * * The right to a lien of this kind is a creature of the statute, and the right to perfect such a

lien is limited to the persons who do the work or furnish the material or supplies: * * *."

The court distinguished the mechanic's lien law which provides that "contractors" are entitled to mechanic's liens for labor.

The Oregon Logger's Lien Law was taken from that of the State of Washington. *North Pacific Lumber Co. v. Lang,* 28 Or 246, 256, 42 P 799 (1895). The Supreme Court of Washington has construed the words "Every person performing labor upon, or who shall assist in obtaining * * *" to apply only to those who directly perform the labor and not to those who employed others to do it. *Campbell v. Sterling Mfg. Co.,* 11 Wash 204, 39 P 451 (1895). In accord see *Diamond National Corporation v. Lee,* 333 F2d 517, 525-527, (9th Cir 1964) (construing similar Idaho statute).

It is our conclusion that *McKinley* is controlling and properly interprets the will of the legislature. Plaintiffs contend that *Weissenfels v. Schaffer,* 99 Or 228, 195 P 362 (1921), and *Mathis v. Thunderbird Village, Inc.,* 236 Or 425, 389 P2d 343 (1964), require a different result than *McKinley.* We have examined the cases and do not believe them to be controlling.

■ Plaintiffs also argue that the *McKinley* rule violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, and Art I, § 20 of the Oregon Constitution. ORS 87.010 permits a construction contractor to file a mechanic's lien for his employees' labor, while, under *McKinley,* a logging contractor cannot. Plaintiffs contend this situation constitutes an arbitrary discrimination against the logger. Clearly, there are sufficient differences between the logging industry and the con-

struction industry to provide a reasonable basis for providing different procedures for protection of workmen's pay. There is no merit in plaintiffs' contention.

■ Plaintiffs request a money judgment against Caffall Brothers if the lien fails. Caffall Brothers did not promise to pay plaintiffs and the circumstances are not such as to raise any implied promise to pay. Therefore, plaintiffs are not entitled to such a judgment.

The judgment of the trial court is affirmed.