[Civ. No. 38709. First Dist., Div. Four. Nov. 2, 1976.]

ACCO CONTRACTORS, INC., Plaintiff and Appellant, v.
McNAMARA & PEEPE LUMBER COMPANY,
Defendant and Respondent.

**COUNSEL**

Huber, Goodwin, Murray, Cissna, Prior & Carson and Robert D. Prior for Plaintiff and Appellant.

Francis B. Mathews for Defendant and Respondent.

**OPINION**

**CALDECOTT, P. J.—** ▊ The issue presented by this appeal is whether a corporation, as distinguished from a natural person, can qualify for a loggers' lien under Civil Code section 3065. We conclude that it can. .

Appellant, Acco Contractors, Inc., a corporation (hereinafter "Acco"), filed suit against Standard Plywood Corporation (hereinafter "Standard"), not a party to this appeal, and respondent McNamara & Peepe Lumber Company (hereinafter McNamara & Peepe) to foreclose a loggers' lien in the amount of $218,561.84.

On April 11, 1974, Acco and Standard entered into a contract whereby Acco agreed to "provide all the necessary labor and equipment to fall, buck, skid, yard, and load onto trucks . . . the merchantable timber situated on the timber areas to be designated by Standard for logging from time to time during the term of the Agreement." In return, Standard agreed "to pay Acco on the basis of 115% of Acco's actual costs and expenses incurred in the performance of all such work . . . and, in addition . . . Standard agrees to pay Acco an Equipment Charge on the basis equal to 115% of the depreciation on such equipment." Acco performed under the contract until August 11 or 12, 1975, at which time it ceased active operations as Standard had not paid outstanding billings. At the time that Acco filed this suit, some of the logs on which Acco had performed work were in the possession of McNamara & Peepe. Acco had these logs attached as well as those remaining on the premises of Standard. McNamara & Peepe moved for summary judgment. The superior court granted the motion on the grounds that Acco, as a corporation, was not entitled to a loggers' lien under Civil Code section 3065. The appeal is from the summary judgment.

This case presents an issue of first impression: that is, whether a corporation can qualify under Civil Code section 3065 for a loggers' lien. Section 3065 reads in its pertinent part: "*Any person* who shall, *by his own labor,* or by using his livestock, machinery or appliances, or both, do or perform any work or render any service in connection with felling, preparing or transporting any logs, or in manufacturing lumber or other timber products from such logs, including the production of tanbark, shall have a lien upon any and all of such logs and upon any and all of the lumber and other timber products manufactured therefrom, whether said work was done or service was rendered on the logs themselves, or any of them, or in manufacturing the lumber or other timber products from them, for the value of such labor done and for the value of the use of such livestock, machinery and appliances, or both, whether said work was done or service was rendered at the instance of the owner of such logs . . . ." (Italics added.)

Respondent argues that under the plain reading of the statute, Acco, as a corporation, could not perform any labor and therefore was clearly not intended by the Legislature to be among those persons who are eligible to file a loggers' lien. Appellant, on the other hand, relies on section 14 of the Civil Code, which says that "person" as used in the code, includes a corporation as well as a natural person and "the masculine gender includes the feminine and neuter."

This general definitional section is not controlling in itself as a well-settled rule of statutory construction is that special statutes, which deal expressly with a particular subject, control and take priority over general statutes. (*English Manor Corp.* v. *Vallejo Sanitation & Flood Control Dist.,* 42 Cal.App.3d 996 [117 Cal.Rptr. 315].) There is no question that section 14 is general law "in the widest and fullest sense of the term." (*City of Pasadena* v. *Stimson,* 91 Cal. 238, 248 [27 P. 604].) However, this rule does not apply unless the language of the two enactments cannot be harmonized. (*Certificated Employees Council* v. *Monterey Peninsula Unified Sch. Dist.,* 42 Cal.App.3d 328 [116 Cal.Rptr. 819].)

Section 3065 can be harmonized with section 14 so as to give effect to both statutory provisions.[1] A corporation is an artificial person

---

[1] The court has previously construed section 14 and another provision of the Civil Code together in order to allow a corporation to be read into the statute. In *Bank of America* v. *Long Beach etc. Assn.,* 141 Cal.App.2d 618 [297 P.2d 443], the question arose as to whether a corporation could hold property in joint tenancy as a natural person. In

(*Johnson* v. *Goodyear Mining Co.*, 127 Cal. 4 [59 P. 304]), who can only function through its agents (*Dearborn* v. *Grand Lodge, A. O. U. W.*, 138 Cal. 658 [72 P. 154]). Thus, the phrase "his own labor" refers to the labor of the corporation's agents, which in this case, is its employees.

. Respondent cites *Pacific States F. Corp.* v. *Freitas*, 113 Cal.App.Supp. 757 [295 P. 804] and *Virden* v. *Neese*, 66 Cal.App.2d 724 [152 P.2d 761], in support of its contention that section 3065 is inapplicable to corporate entities. But, neither of these cases pertain to the question before this court. *Pacific States F. Corp.* involved the question of whether a garagemen's lien was extinguished when the lienor temporarily parted with physical possession of the auto. The issue in *Virden* was when the 30-day statutory period for filing a loggers' lien commenced to run.

Respondent also cites cases from Washington, Idaho, and Oregon that hold loggers' liens applicable only to persons who actually do the labor. (*Campbell* v. *Sterling Manuf'g. Co.*, 39 P. 451; *Diamond National Corporation* v. *Lee*, 333 F.2d 517; *McKinley* v. *Tice*, 276 P. 1110; *Feris* v. *Balcom*, 249 Ore. 343 [432 P.2d 684].)

 Where the law of this state is uncertain, the decision of a court of last resort of another state, though not binding as authority, is persuasive, especially in the construction of a statute similar to the one involved in the instant decision. (*People* v. *Hayne*, 83 Cal. 111 [23 P. 1].) However, if the reasoning of a sister state decision on a statutory provision is unsound, the California courts will not follow it, even though the language and context of the local statute are identical. (*People* v. *Dorsey*, 32 Cal. 296.)

Today, many small corporations are formed to limit the liability of individual owners and to take advantage of tax provisions. Such small businesses may be in no better position to protect their business interests than individual proprietors. This situation has apparently been considered by the Legislature in adopting recent lien statutes. As pointed out by appellant, recent jewelers' and cleaners'[2] lien statutes include corporations while statutes of older enactment refer only to persons. Respondent argues that this fact infers a legislative intent to exclude corporations from the scope of other statutes. On the contrary,

---

finding that a valid trust in certain instances could be created for the benefit of a corporation, the court noted that sections 14 and 2132b define persons as including corporations.

[2]See Civil Code sections 3052a and 3066.

we find that the inclusion of corporations in recent statutes merely exhibits a legislative intent that specific lien statutes reflect modern day business practices rather than rely on incorporation by the courts under section 14.

Further, we note that respondent contends that the use of the term "his own" in section 3065 ("any person who shall by *his own* labor") restricts the section to natural persons. However, the term "his own" also appears in Civil Code section 2876 ("where the holder of a special lien is compelled to satisfy a prior lien for *his own* protection, . . ." [italics added]) and corporations are not excluded from the benefits of that section. (See *Beeler* v. *American Trust Co.*, 28 Cal.2d 435, 440 [170 P.2d 439]; *Security-First Nat. Bank* v. *Lamb*, 212 Cal. 64, 68-69 [297 P. 550, 74 A.L.R. 502].) In these cases, the right of a corporation to the protection of section 2876 was not an issue but the corporate status of the party relying on the section was clearly before the court. We have been unable to find any case holding a corporation is not included within this section.

In view of our conclusion above the other points raised on appeal by the parties need not be discussed.

The judgment is reversed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied November 17, 1976.