[No. G001647. Fourth Dist., Div. Three. Dec. 13, 1985.]

JAMES S. LITTLE et al., Plaintiffs and Appellants, v.
HARBOR PACIFIC MORTGAGE INVESTORS No. 79B et al.,
Defendants and Respondents.

COUNSEL

Marc C. Kennedy for Plaintiffs and Appellants.

Joel A. Osman, J. Thomas Hunsucker and Hunsucker & Sabo for Defendants and Respondents.

OPINION

**SONENSHINE, J.**—In July of 1980, Harbor Pacific Mortgage Investors No. 79B (Harbor) loaned James and Phyllis Little $28,700. The debt was

evidenced by a note requiring monthly interest payments of $435.50 for 23 months. A balloon payment of principal and interest in the amount of $29,135.50 was due in two years. A late payment of $25.83 accrued for each payment delinquent for 10 days. The debt was secured by a second lien on the Littles' real property. The first lien deed of trust was held by Home Federal Savings and Loan Association.

The Littles made only the first payment. In February of 1981, Harbor filed a notice of default and election to sell under deed of trust.[1] The Littles were put on notice that as of February 4, 1981, the amount of the default was $2,598.45.

On April 20, the Littles asked Harbor what amount was necessary to cure the default. Before Harbor advised the Littles as to the exact amount owing it discovered the Littles were also delinquent on the first mortgage. Harbor paid $6,086.48 to Home Savings, bringing the Littles' obligation current.[2] Thereafter on either the 22d or 23d of April, Harbor told the Littles the total amount due was $10,319.85.[3]

A week later, the Littles, through their attorney, attempted to tender $4,177.54 to Harbor. It rejected the offer insisting, under California Civil Code section 2924c, it was entitled to the full $10,319.85.[4] Prior to the expiration of the reinstatement period, the Littles tendered $10,319.85 and the deed of trust was reinstated.

But the Littles were unhappy. In October of 1981 they filed the underlying complaint against Harbor. They alleged Harbor improperly refused the tender of $4,177.54, thereby breaching their contract.[5] The trial court granted Harbor's summary judgment motion finding "the complaint of Plaintiffs raised no triable issue of material fact against Defendants." The Littles appeal.

---

[1] The notice is reproduced in an appendix to this opinion.

[2] The advancement was made pursuant to subdivision A, paragraph (4) of the deed of trust. That paragraph provides: "Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon the Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof . . .; pay, purchase, contest or compromise any encumbrance, charge or liens which in the judgment of either appears to be prior or superior here . . ."

[3] This amount included fees, late charges and back due installments of interest plus the $6,086.48 paid to Home Savings.

[4] All statutory references are to the Civil Code unless otherwise specified.

[5] They allege that in order to raise the necessary money, they had to sell their house at a loss. They seek compensatory and punitive damages.

The Littles contend their first tender was sufficient. They claim section 2924c mandates the notice of default must set forth the nature of the breach, and, when applicable, the information contained in paragraph 1 of subdivision (b). Because the default was curable, the Littles argue the notice should have included as grounds for default the amounts owed on the first. In other words, the notice did not specify the Littles were delinquent on the first, and, as a result, Harbor could not have demanded payment for it.

■ There is no question Harbor had the right to pay off the first. "Moreover, the statutory scheme concerning nonjudicial foreclosures contemplates that in order to protect his interest, the junior lienor shall pay the trustor's obligation to the senior lienor. Thus, Civil Code section 2904 permits a junior lienor to redeem a property from the senior lienor . . . ." (*Arnolds Management Corp.* v. *Eischen* (1984) 158 Cal.App.3d 575, 579 [205 Cal.Rptr. 15].)

■ In order to protect its security, Harbor had to pay the amounts owing on the first. "The effect of section 2876 is to give to the holder of a special lien who is compelled to satisfy any prior lien for his own protection the right to add the amount so paid to the amount for which his special lien was security and to enforce both together." (*Windt* v. *Covert* (1907) 152 Cal. 350, 353 [93 P. 67].)

But this still does not answer the Littles' concerns. ■ Even if Harbor had the right to pay off the first, the Littles were still entitled to sufficient notice of the alleged breach. "A purpose of the required statement in the notice of default is to afford the debtor an opportunity to cure the default and obtain reinstatement of the obligation within three months after the notice of default as provided in section 2924c of the Civil Code. [Citation.]" (*System Inv. Corp.* v. *Union Bank* (1971) 21 Cal.App.3d 137, 153 [98 Cal.Rptr. 735].) The debtor is to be given enough information so the default can be cured. "[T]he statute is sufficiently complied with if the notice of default contains a correct statement of some breach or breaches sufficiently substantial in their nature to authorize the trustee or beneficiary to declare a default and proceed with a foreclosure." (*Birkhofer* v. *Krumm* (1938) 27 Cal.App.2d 513, 523-524 [81 P.2d 609].)

Here the notice indicated "payment[s] had not been made of: The installment of interest which became due September 15, 1980, and all subsequent installments of interest, and delinquent taxes, if any, plus a late charge of

$25.83 for each payment delinquent more than ten days." No mention was made of the obligation on the first or any alleged deficiency.[6]

Section 2924c requires the notice must "[set] forth the nature of such breach." The information contained in this notice did not comply with that mandate. We conclude, therefore, the trial court abused its discretion in granting summary judgment. Harbor improperly refused the Littles' tender.

Judgment reversed. Appellant to receive costs on appeal.

Trotter, P. J., and Crosby, J., concurred.

---

[6]We do not, however, agree with the Littles' further contention a second notice is always required each time a payment is made. The purpose of the statute is to put the debtor on notice as to *which breaches* the lienholder wishes cured. It would be sufficient if the original notice includes a specific reference to the obligation. Here, for example, the notice indicates Harbor will look to the Littles for delinquent taxes, if any. Thus the notice would have been sufficient if it had also indicated a reference to delinquent payments, if any, on the first.

[black rectangle]

## Appendix "B"

RECORDING REQUESTED BY

STAN-SHAW CORPORATI◦

AND-WHEN RECORDED MAIL TO

⌐ STAN-SHAW CORPORATION
2315 East Seventeenth street
**ADDRESS** P.O. BOX 10082
**CITY** SANTA ANA, CALIFORNIA 92711
**ZIP** ⌊ (714) 542-5811 ⌐

The following copy of "Notice" the original, of which was filed for record on ⟨2-4-81⟩ in the office of the County Recorder of said County is sent to you inasmuch as an examination of the title to said trust property shows you may have an interest in the Trustee's Sale Proceedings

itle Order No. _____ T.S. No. ___1859___

——SPACE ABOVE THIS LINE FOR RECORDER'S USE——

# Notice of Default and Election To Sell Under Deed Of Trust

SS no.
Re:

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within three months from THE DATE THIS NOTICE OF DEFAULT WAS RECORDED. This amount is $ __2,598.45__ as of __February 4, 1981__ and will increase until your account becomes current. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay the amount stated above.

'ter three months from the date of recordation of this document (which date of recordation appears hereon), unless the obligation being foreclosed upon permits a longer period, you have only the legal right to stop the foreclosure by paying the entire amount demanded by your creditor.

TO FIND OUT THE AMOUNT YOU MUST PAY, OR TO ARRANGE FOR PAYMENT TO STOP FORECLOSURE. OR IF YOUR PROPERTY IS IN FORECLOSURE FOR ANY OTHER REASON, CONTACT:

Harbor-Pacific Mortgage Investors #79B, a Limited Partnership
1601 Dove St. #145
Newport Beach, Ca. 92660

Attn: Sandy Alger

(714) 955-0073

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan.

Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

Page·
S. No.
Re:    T. S. No. 1559

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST dated June 27, 1980

 otice is hereby given that  Stan-Shaw Corporation, a California corporation

is duly appointed TRUSTEE under the following described Deed of Trust:

TRUSTOR:    James Stewart Little and Phyllis Elaine Little, H. & W. as Community Property

BENEFICIARY:    Harbor-Pacific Mortgage Investors #79B, A Limited Partnership

RECORDED   July 3, 1980, Instrument No. 3665, Book 13654, Page 1996
of Official Records, in the office of the Recorder of     Orange               County;

SAID DEED OF TRUST DESCRIBES:

Lot 17 of Block 15 of Tract 901 per map filed in Book 27 Pages 38-47 inclusive of
Miscellaneous Maps, in the office of the County Recorder of said county.

SAID Deed of Trust secures certain obligations including the note(s) for the sum of
$    28,700.00

THAT the beneficial interest under said Deed of Trust and the obligations secured
thereby are presently held by the undersigned; THAT a breach of, and default in, the
obligations for which such Deed of Trust is security has occurred in that payment
has not been made of:

The installment of interest which became due September 15, 1980, and all subsequent
installments of interest, and delinquent taxes, if any, plus a late charge of $25.83
for each payment delinquent more than ten days.

THAT by reason thereof, the undersigned, present beneficiary under said Deed of Trust,
has executed and delivered to said duly appointed Trustee, a written Declaration of
Default and Demand for sale, and has deposited with said duly appointed Trustee, such
Deed of Trust and all documents evidencing obligations secured thereby, and has de-
clared and does hereby declare all sums secured thereby immediately due and payable
and has elected and does hereby elect to cause the trust property to be sold to satisfy
the obligations secured thereby.

DATE:   February 4, 1981              HARBOR-PACIFIC MORTGAGE INVESTORS #79B

                                      By

12